U.S. Department of Justice



*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 22, 2012



**By Facsimile**

The Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *United States v. Michael Binday et al.*, 12 Cr. 152 (CM)

Dear Judge McMahon:

    The Government respectfully requests a conference in the above-referenced case to address MAR Group's refusal to produce documents in response to a grand jury subpoena *duces tecum*, dated December 22, 2011 (the "Subpoena"), related to the underlying investigation in this matter.

    By way of background, counsel for defendant Mark Resnick accepted service of the attached Subpoena on behalf of MAR Group, a Florida-based company owned by Resnick and which provides insurance-related services, on December 23, 2011.[1] The subpoena provided a January 6, 2012 deadline to produce documents. At counsel's request, the deadline to produce documents was extended, in order to account for the holiday season and to allow counsel more time to collect and review responsive materials. On January 17, 2012, counsel sent an initial document production to the Government. On February 6, 2012, the Government contacted counsel to see if additional responsive documents would be forthcoming. On February 8, 2012, counsel indicated that the Government could expect further productions within a week.

    On February 15, 2012, the indictment in this case was returned and Resnick was arrested the next day.

---

[1] MAR Group does not cite Resnick's control over the entity as a basis for refusing to comply with the subpoena, nor could it. *See In re Grand Jury Subpoena Issued June 18, 2009*, 593 F.3d 155, 158-59 (2d Cir. 2010) (holding that defendant's "one-person corporation cannot avail itself of the Fifth Amendment privilege").

Hon. Colleen McMahon
March 22, 2012
Page 2

      MAR Group now claims that the subpoena issued three months ago is "mooted" by the indictment, and incorrectly asserts that the Government is using the grand jury subpoena solely to prepare for trial. In support of its position, counsel has pointed the Government to *United States v. Salameh*, 152 F.3d 88 (2d Cir. 1998), which simply restates the general principle that "[i]t is improper for the government to use a grand jury subpoena for the sole or dominant purpose of preparing for trial." 152 F.3d at 109 (internal citations and quotations omitted). The *Salameh* court then provided the remainder of the hornbook law on this topic: "A grand jury subpoena is presumed to have a proper purpose, and the defendant bears the burden of showing that the grand jury has exceeded its legal powers" – a burden that is only met by a presentation of "'particularized proof' of an improper purpose." *Id.* (citations omitted) (holding that defendant failed to present any proof that the Government misused the grand jury subpoena at issue).

      The Subpoena should be enforced because (1) it was properly issued and (2) it continues to be necessary to an ongoing grand jury investigation. Materials responsive to a valid pre-indictment grand jury subpoena cannot be withheld from the Government simply because of an entity's delay in providing them, particularly where, as here, the grand jury investigation is ongoing. MAR Group's claim that the Government is attempting to enforce its promised compliance with the Subpoena in order to improperly prepare for trial "borders on frivolous." *United States v. Vilar*, No. S3 05 CR 621 (KMK), 2007 WL 1075041, at *40 (S.D.N.Y. Apr. 4, 2007).

      *Vilar* is instructive. In *Vilar*, Judge Karas rejected a similar post-indictment claim related to a grand jury subpoena that was issued before any indictment was filed. The court found that the "the investigation is a work in progress," and "the fact that the Government has yet to receive the information subpoenaed is not a reflection of the sole (or primary) desire to obtain trial evidence from the Subpoena, but the delays attendant in the filing of the motion to quash." *Id.* Here, not only was the Subpoena issued two months prior to the indictment, but, as is often the case in a recently-indicted matter, the grand jury's investigation into additional crimes by this defendant and others continues. As set forth in *Vilar* and other cases, the fact that the indictment was returned while MAR Group was in the process of responding to a grand jury subpoena does not halt the grand jury's ability to gather evidence related to additional crimes. *See id.; see also United States v. Leung*, 40 F.3d 577, 581-82 (2d Cir. 1994) (where grand jury subpoenas were issued five weeks after the indictment, before a trial date had been set, Court found that "[t]his sequence of events does not undermine the presumption that the grand jury was in fact investigating possible money laundering charges that were not included in the original indictment."); *United States v. Bin Laden*, 116 F. Supp. 2d 489, 492-93 (S.D.N.Y. 2000) (holding that defendant's "speculations about the Government's motives are insufficient to overcome the presumption of regularity," given the Government's indication "that the subpoenas that have been issued are part of its ongoing, far-reaching investigation.").

Hon. Colleen McMahon
March 22, 2012
Page 3

The Government can, of course, provide briefing on this issue, but respectfully suggests that a conference addressing this matter may be appropriate. The Government is advised that counsel for Resnick and MAR Group is presently out of state, and she therefore requests that she be permitted to appear for any conference on this issue by telephone.

                                                                      Respectfully submitted,

                                                                       PREET BHARARA
                                                                       United States Attorney

By:         _____
           Zachary Feingold/Justina L. Geraci
           Assistant United States Attorney
           Tel.: (212) 637-2436/2468

cc:     JaneAnne Murray, Esq.
        *Counsel for Mark Resnick and MAR Group*