# EXHIBIT 1

Case 1:12-cr-00152-CM   Document 35-1   Filed 10/01/12   Page 1 of 9

<u>U.S. v. Binday, Kergil, Resnick, Docket No. 12 CR. 152 (CM)</u>

Schedule

I. Definitions

    A. "Specified Individual" means any person over 70 years old who applied for a universal life insurance policy with a face amount of $2 million or more and whose application involved Michael Binday, James Kevin Kergil, Mark Resnick or Paul Krupit in any way.

    B. "High Value Senior Policy" means any universal life insurance policy issued by the Insurer to a person over 70 years old with a face amount of $2 million or more from the beginning of 2006 though the end of 2011.

    C. "Insurer" means American General Life Companies, Lincoln Financial Group, Security Mutual Insurance Company, Union Central Life Insurance Company, PHL Variable Life Insurance Company, AXA Equitable Life Insurance Company, John Hancock Life Insurance Company (U.S.A.), The United States Insurance Company in the City of New York, Aviva Life and Annuity Company of New York, Bankers Life Insurance Company of New York, Indianapolis Life Insurance Company, Lincoln Benefit Life Company, Mass Mutual Life Insurance Company, MetLife Investors USA Insurance Company, Pruco Life Insurance Company, Sun Life Assurance Company of Canada, and any of its subsidiaries, parents, related entities and affiliates.

    D. "Document" or "documents" means any written and/or printed material of any type in any form, including paper and/or electronic files and all versions, copies, duplicates, drafts, annotations or edits.

    E. "STOLI" means stranger-owned life insurance, stranger-originated life insurance, IOLI, investor-owned life insurance, investor-originated life insurance, SPIN-life, and speculator-originated life insurance.

    F. "Including" means "including but not limited to."

II. Relevant Time Period

    A. All requests are limited to documents created or in an Insurer's possession during the period January 1, 2006 through February 15, 2012.

III. Requests Related to Specified Individuals

    A. All documents relating to any policy an Insurer issued on the life of a Specified Individual.

    B.    All recordings of any telephonic or live conversation between an Insurer and a Specified Individual, including any written transcript or summary.

    C.    All documents reflecting or referring to any communication between an Insurer and a Specified Individual.

    D.    All documents relating to an Insurer's decision to issue or not issue a policy to a Specified Individual.

    E.    All documents relating to an Insurer's decision to seek or not seek rescission of a policy on the life of a Specified Individual.

    F.    Documents sufficient to show for each policy issued to a Specified Individual how much risk was transferred to a reinsurer.

    G.    Documents sufficient to show how many of the policies issued to Specified Individuals the Insurers have tried to rescind through litigation or otherwise.

    H.    All documents relating to any investigation, inquiry or audit conducted by the Insurers or their attorneys or representatives concerning the policies issued to Specified Individuals and/or relating to the allegations in the indictment.

    I.    All documents relating to any profit or loss forecast by insurance companies on a policy issued to a Specified Individual, including forecasts made before and after the inception of the policy.

    J.    Documents sufficient to show how many of the policies issued to Specified Individuals have lapsed.

IV.    Requests Related to Specific Policies, Procedures and Investigations

    A.    All documents setting forth an Insurer's underwriting guidelines for universal life insurance policies in effect or proposed to be adopted.

    B.    All documents concerning instances where universal life insurance underwriting guidelines concerning financial status were waived.

    C.    Documents sufficient to show the number of life insurance policies issued using premium financing programs that an Insurer approved.

    D.    All documents relating to an Insurer's purported efforts to prevent the issuance of STOLI policies, including

        1.    Adding questions to life insurance applications;

        2.    Requiring documentation of an applicant's financial status;

       3.   Requiring applicants to provide tax returns to document their financial status.

E.    All documents relating to the relationship between policy pricing and STOLI, including efforts to adjust policy pricing to account for STOLI.

F.    All documents relating to how an insured's financial condition significantly informed the Insurer's financial expectations with respect to universal life policies.

G.    All documents relating to how an insured's intent to resell a policy significantly informed the Insurer's financial expectations with respect to universal life policies.

H.    All documents relating to how third-party financing of premiums significantly informed the Insurer's financial expectations with respect to universal life policies.

I.    All documents relating to how the stated purpose of a policy significantly informed the Insurer's financial expectations with respect to universal life policies.

J.    All documents relating to how the existence of other life insurance applications and polices significantly informed the Insurer's financial expectations with respect to universal life policies.

K.    All documents relating to the assumption of the Insurers that an individual with a net worth of millions of dollars would maintain a healthier lifestyle, receive better medical care and consequently, live longer than an individual with minimal net worth.

L.    All documents relating to how misrepresenting an individual's net worth would negatively impact the Insurer.

M.    All documents concerning whether an individual's net worth should be used in the Insurer's pricing of life insurance policies.

N.    All documents relating to the Insurer receiving less income than expected from universal life policies when investors or other third parties held an interest.

O.    All documents relating to the difference in surrender or lapse rates between life insurance policies owned or financed by third-parties and other life insurance policies.

P.    All documents relating to the difference in the rate of late payments of premium between third-party financed or owned life insurance policies and other life insurance policies.

Q. Documents sufficient to show the Insurer's total revenue in each of the years 2006 through 2011 associated with High Value Senior policies.

R. Documents sufficient to show how many High Value-Senior policies the Insurer sold.

S. Documents sufficient to show how many High Value Senior Policies the insurer has tried to rescind through litigation or otherwise.

T. All documents concerning any decision to seek rescission or not to seek rescission for any High Value Senior Policy.

U. All documents relating to any profit or loss forecast by insurance companies on a High Value Senior Policy, including forecasts made before and after the inception of the policy. All documents relating to any agent known or suspected to be involved with STOLI, including all documents concerning actions taken in regard to these agents or agencies.

V. Documents sufficient to bonus criteria for all employees eligible for production based bonuses, including documents concerning volume targets.

W. All documents relating to any High Value Senior Policies coded or "flagged" internally for tracking purposes.

X. All documents related to any litigation concerning any High Value Senior Policy.

Y. All documents produced in any litigation concerning any High Value Senior Policy, including in the following litigations:

1. *Fenton v. Phoenix Life Ins. Co.*, No. 1340238 (Cal. Super. Ct., Santa Barbara Cty. filed Oct. 26, 2009);

2. *Kramer v. Phoenix Life Ins. Co.*, 940 N.E.2d 535 ( N.Y. 2010);

3. *Fleisher v. Phoenix Life Ins. Co.*, No. 1:11-cv-8405 (S.D.N.Y. filed May 1, 2012);

4. *Wilmington Savings Fund Society v. PHL Variable Ins. Co.*, No. 2:12-cv-04926 (C.D. Cal. filed June 5, 2012);

5. *Lima LS plc v. PHL Variable Ins. Co.*, No. 3:12-cv-01122 (D. Conn. filed Aug. 2, 2012);

6. *Am. Gen. Life Ins. Co. v. Barellano*, No. 1:08-cv-00267 (E.D. Cal. filed Feb. 22, 2008);

7. *Am. Gen. Life Ins. Co. v. Fahl*, No. 2:08-cv-00932 (E.D. Cal. filed May. 01, 2008);

8. *Am. Gen. Life Ins. Co. v. Fernandez*, No. 1:08-cv-01470 (E.D. Cal. filed Sept. 29, 2008);

9. *Am. Gen. Life Ins. Co. v. Zinszer*, No. 2:10-cv-05876 (C.D. Cal. filed Aug. 06, 2010);

10. *Am. Gen. Life Ins. Co. v. Khachatourians*, No. 2:08-cv-06408 (C.D. Cal. filed Sept. 29, 2008);

11. *Am. Gen. Life Ins. Co. v. Munshi*, No. 2:08-cv-06439 (C.D. Cal. filed Sep. 30, 2008);

12. *Am. Gen. Life Ins. Co. v. Fernandez*, No. 2:09-cv-03198 (C.D. Cal. filed May. 06, 2009);

13. *Tawil v. Security Mut. Life Ins. Co.*, No. 2:12-cv-00321 (C.D. Cal. filed Jan. 12, 2012);

14. *Am. Gen. Life Ins. Co. v. Friedberg*, No. 3:11-cv-01529 (D. Conn. filed Oct. 05, 2011);

15. *Am. Gen. Life Ins. Co. v. Brasner*, No. 9:08-cv-80855 (S.D. Fla. filed Aug. 04, 2008);

16. *Am. Gen. Life Ins. Co. v. Helene Klavans Ins. Trust*, No. 9:09-cv-81449 (S.D. Fla. filed Sep. 28, 2009);

17. *Am. Gen. Life Ins. Co. v. Stone*, No. 1:09-cv-22718 (S.D. Fla. filed Sep. 11, 2009;

18. *Wells Fargo Bank N.W.*, N.A. v. Am. Gen Life Ins. Co., No. 1:09-cv-07914 (S.D.N.Y. filed Sep. 15, 2009);

19. *Levitin, Esq. v. Am. Gen. Life Ins. Co.*, No. 1:09-cv-00110 (E.D.N.Y. filed Jan. 12, 2009);

20. *Am. Gen. Life Ins. Co. v. Salamon*, No. 1:09-cv-05428 (E.D.N.Y. filed Dec. 11, 2009);

21. *Levitin, Esq. v. Am. Gen. Life Ins. Co.*, No. 3:10-cv-01458 (D.N.J. filed Mar. 22, 2010);

22. *Wells Fargo Bank N.W., N.A. v. Am. Gen Life Ins. Co.*, No. 3:10-cv-01327 (D.N.J. filed Mar. 15, 2010);

23. *Am. Gen. Life Ins. Co. v. Rosenthal Unit Irrevocable Trust*, No. 3:08-cv-03732 (D.N.J. filed July 25, 2008);

24. *Am. Gen. Life Ins. Co. v. Kremer Holding Irrevocable Trust*, No. 3:08-cv-03731 (D.N.J. filed July 25, 2008);

25. *Am. Gen. Life Ins. Co. v. Goldklang Savings Irrevocable Trust*, No. 3:08-cv-03489 (D.N.J. filed July 11, 2008);

26. *Am. Gen. Life Ins. Co. v. Patrick J Wallace Ins. Trust*, No. 2:11-cv-07011 (D.N.J. filed Nov. 30, 2011);

27. *Am. Gen. Life Ins. Co. v. Teller Family Irrevocable Trust VI*, No. 2:10-cv-05604 (D.N.J. filed Oct. 27, 2010);

28. *Am. Gen. Life Ins. Co. v. Berger*, No. 2:10-cv-03377 (D.N.J. filed July 01, 2010);

29. *Am. Gen. Life Ins. Co. v. Oberlander Planning Trust*, No. 2:10-cv-01902 (D.N.J. filed Apr. 14, 2010);

30. *Am. Gen. Life Ins. Co. v. Sussex 130 LLP*, No. 2:09-cv-05097 (D.N.J. filed Oct. 05, 2009);

31. *Am. Gen. Life Ins. Co. v. Altman Family Ins. Trust*, No. 2:08-cv-00399 (D.N.J. filed Jan. 18, 2008);

32. Balmuth v. Lincoln Nat'l Life Ins. Co., No. 3:11-cv-00742 (D.N.J. filed Feb. 09, 2011)

33. *Lincoln Life and Ann. Co. v. Berck*, No. D056373, 2011 WL 1878855 (Cal. App. May 17, 2011);

34. *Lincoln Nat'l Life Ins. Co. v. Fishman Irrevocable Life Trust*, 638 F.Supp. 2d 1170 (C. D. Cal. 2009);

35. *Lincoln Life & Annuity Co. v. Lockwood Pension Servs., Inc.*, No. CV085019142, 2008 WL 5481184 (Conn. Super. Nov. 28, 2008);

36. *Pruco Life Ins. v. Brasner*, No. 9:10-cv-80804, 2011 WL 134056 (S.D. Fla. Jan. 7, 2011);

37. *Am. Gen. Life Ins. Co. v. Germaine Tomlinson Ins. Trust*, No. 1:08-cv-01747 (S.D. Ind. filed Dec. 31, 2008);

38. *Lincoln Nat'l Life Ins. Co. v. Schwarz*, No. 3:09-cv-03361, 2011 WL 2357828 (D.N.J. June 9, 2011);

39. *American Gen. Life Ins. Co. v. Ellman Savings Irrevocable Trust*, No. 3:08-cv-5364, 2010 WL 5253611 (D.N.J. Dec. 17, 2010);

40. *Lincoln Nat'l Life Ins. Co. v. Calhoun*, 596 F. Supp. 2d 882 (D.N.J. 2009);

41. *Lincoln Life & Annuity Co. v. Lenke Halpert 2006 A Irrevocable Life Ins. Trust*, 926 N.Y.S.2d 344, 2011 WL 534424 (N.Y. Sup Ct., Feb. 14, 2011);

42. *Kramer v. Lockwood Pension Servs. Inc.*, 653 F. Supp. 2d 354 (S.D.N.Y. 2009);

43. *Lockwood Pension Servs. v. Steadfast Ins. Co.*, No. 1:08-cv-8229, 2009 WL 2876253 (S.D.N.Y. Sept. 4, 2009);

44. *Lincoln Life & Annuity Co. v. Bernstein*, 890 N.Y.S.2d 369, 2009 WL 1912468 (N.Y. Sup. Ct. June 29, 2009);

45. *Ashkenazi v. Lincoln Nat'l Life Ins. Co.*, No. 1:08-cv-3235, 2009 WL 1346394 (E.D.N.Y. May 13, 2009);

46. *Miller v. Lincoln Fin. Group*, No. 1:10-cv-00283 (W.D.N.C. filed Dec. 6, 2010);

      47. *Sciarretta v. Lincoln Nat'l Life Ins. Co.*, No. 9:11-cv-80427 (S.D. Fla. filed Apr. 21, 2011).

Z.     All documents relating to trips, cruises and other prizes or awards that the Insurer gave to Michael Binday, James Kevin Kergil, Mark Resnick or Paul Krupit based on their sales of life insurance policies.

AA.     All documents relating to premium financing programs approved by the Insurers.

BB.     Documents sufficient to show the number of life insurance policies issued using premium financing programs that an Insurer approved.

CC.     All documents relating to communications between the Insurer and state or federal agencies concerning STOLI.

DD.     All documents relating to public statements made by the Insurer concerning STOLI.

EE.     All documents relating to the Insurer's decision (if applicable) to raise the cost of insurance charged for single life universal life policies.

FF.     All documents relating to actions taken against any employee or agent of the Insurer for violating the Insurer's anti-STOLI policy (if applicable).

GG.     All documents relating to "persistency bonuses" provided to employees or agents based on the number of policies or the amount of premium that the employee or agent was responsible for keeping in force.

HH.     All documents related to any reinsurance treaty or treaties that covered High Value Senior Policies, including the treaties themselves.

II.     All documents reflecting underwriting guidelines concerning High Value Senior Policies imposed by any reinsurance policy or any reinsurance relationship.

JJ.     Documents sufficient to show the loss experience for the Insurer's High Value Senior Policies.

I.  Requests for Particular Insurers

   A.  Security Mutual

      1.  All documents related to a 2008 sales conference in held in Hawaii, including any notes, transcripts or recordings of speeches mentioning any of the defendants.

   B.  Lincoln

      1.  All documents relating to presentations made on Mediterranean cruises provide by the Insurer for its agents, including any recording of such presentations.

   C.  John Hancock

      1.  All documents related to presentations made on Mediterranean cruises provide by the Insurer for its agents, including any recording of such presentation.

   D.  Phoenix

      1.  The STOLI sales manual referred to in *Lima LS plc v. PHL Variable Insurance Co.*, No. 3:12-cv-01122-WWE (D. Ct. filed Aug. 2, 2012).