Michael C. Miller
212 506 3955
mmiller@steptoe.com

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com




**Steptoe**
STEPTOE & JOHNSON LLP

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/13
```

February 19, 2013

U.S. District Judge Colleen McMahon
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

```
DOCKET IN CASE #
AS: letter
DATE,            CM
```

Re:   *United States v. Binday*, No. 12 Cr. 152 (CM) (S.D.N.Y.)

Dear Judge McMahon:

We write to advise you that, during oral argument at the status conference on February 13, 2013 in the above-referenced case, we inadvertently misstated a citation on page 10 of our Memorandum of Law in Support of Defendant Michael Binday's Motion, in the Alternative, for Issuance of Subpoenas to Purported Insurance Company Victims Pursuant to Rule 17(c) ("Memorandum"). Specifically, we argued as follows:

> And we believe that if all the insurance companies respond to the 17(c) subpoenas, we see this is a pattern through the industry, which is consistent with a decision issued by the district court up in Connecticut back in 2012, which we cited in our original motion papers, where the court up there held that it is no secret that insurance companies initially helped to create the secondary market for life insurance because it allowed them to sell significantly larger amounts of insurance, and that they did so by adopting a sales strategy that allowed relaxing or disregarding their normal underwriting standards and encouraging consumers to overstate their net worth and income. Tr. at 4.

Judge Colleen McMahon
February 19, 2013
Page 2



In fact, as we correctly noted in our Memorandum, the statements about the secondary market for life insurance policies were made by the plaintiff in the Complaint. Compl., *Lima LS plc v. PHL Variable Ins. Co.*, No. 3:12-cv-01122-WWE ¶¶ 10, 11 (D. Conn. Aug. 2, 2012). We regret any inconvenience this may have caused.

Sincerely,

Michael C. Miller
*Counsel for Michael Binday*