```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

UNITED STATES OF AMERICA,

    - v. -

MICHAEL BINDAY,                                                    12 Cr 152 (CM)
JAMES KEVIN KERGIL, and
MARK RESNICK,

          Defendants.

————————————————————————x

## DECISION AND ORDER ON MOTIONS TO QUASH CERTAIN DEFENSE SUBPOENAS

McMahon, J.:

Defendants -- life insurance brokers – are alleged to have engaged in a conspiracy to defraud life insurance providers by making and causing others to make false representations on applications for universal life insurance policies. (*See* Indictment ¶ 7.) Defendants and the Government have served a series of subpoenas on non-party insurance companies. This responds to the non-party insurance companies' motions to quash – in whole or in part - certain aspects of the defendant's latest round of subpoenas served on thirteen insurance companies, on or about July 17, 2013. Eleven of those companies have moved to quash.

### MATTERS PERTINENT TO THESE RULINGS

The fact that the court allowed the subpoenas to issue was not an advance endorsement and did not constitute a ruling that the subpoenas satisfied the requirements of Rule 17 and so would not be quashed on motion.

Until the Supreme Court or the Second Circuit accepts Judge Scheindlin's analysis in *United States v. Nachamie*, 91 F.Supp.2d 552 (S.D.N.Y. 2000) – which has not yet happened --

1

this court will follow the Supreme Court's decision in *United States v. Nixon*, 418 U.S. 683 (1974), which binds me and which is not by its terms limited to subpoenas issued by the Government.

The fact that any particular insurer chose to respond to any particular request in the subpoena, rather than to move to quash that request, has no bearing on whether a similar request to another insurer should be quashed pursuant to Rule 17 and *Nixon*, and the court rejects any argument to the contrary.

No insurer who failed to file a timely objection to a July 2013 subpoena can escape producing responsive documents on the basis of this decision. This includes insurers that moved to quash in part. Those who failed to object in a timely fashion must produce; those who moved only to quash in part must produce what they did not move to quash.

Any insurer whose counsel has agreed to produce documents in response to a modified version of any Request in the July 2013 subpoenas is bound by that agreement and must comply with the agreed-upon scope of production, even if a lesser number of documents would have to be produced as a result of this opinion.[1]

On August 20, 2012, the Government served subpoenas on thirteen different insurers seeking some of the categories of documents sought by defendants' February subpoenas (the defense subpoenas that the Court quashed) and by the defendants' July 2013 subpoenas. At no time did this court intend to quash the Government's subpoenas, although several insurers included a motion to quash the Government's subpoena in their motions to quash subpoenas served by defendants in February 2013. Indeed, it was in part due to the existence of the

---

[1]Counsel for defendants represent that they have met and conferred with certain insurers and have reached an accommodation regarding the production of certain documents. The Court will enforce those agreements. To the extent the Court's rulings conflict with the agreement between the parties, it will be the agreements that will govern production.

2

Government's subpoenas that I quashed the overbroad defense subpoenas without writing a long opinion or discussing the issues at length.

If this Court inadvertently quashed the Government's subpoenas when I quashed the defendants' subpoenas on April 16, 2013, I decline to exercise my discretion to apply the law of the case doctrine, reverse course and direct compliance with the Government's subpoenas forthwith. To the extent that there is overlap between the Government's subpoenas and the July 2013 subpoenas, the rulings in this opinion set limits on what needs to be done to respond to the Government's subpoenas as well.

A number of insurers, including some objecting insurers, have responded to the July 2013 subpoena by standing on their response either to the Government's subpoena, or to Defendants' February 2013 subpoena, or both. Documents already produced need not be produced again. Any insurer who stands on prior production need only file an affirmation under oath from the General Counsel of the insurer, attesting to the fact that a search has been performed and all responsive documents were previously produced.

## HOW THIS DECISION IS ORGANIZED

Defendants served most of the insurance companies with a number of substantially the same or similar requests; I will call these the General Requests. Defendants served each insurer with a number of Company-Specific Requests as well. Sadly, counsel for Defendants did not see fit to give each General Request the same number in each subpoena (for example, not all requests for telephone interviews are Request No. 7, although the requests for telephone interviews in all the subpoenas are substantively identical). This has complicated our effort to respond quickly to the motions -- as has the failure of Defendants to organize their response to

3

11 motions to quash by request number, rather than by identifying categories of documents that are generally responsive to a number of different General Requests.

To make my life easier: With respect to the General Requests, the court will rule on American General's motion to quash. I will rule by Request Number. That same ruling will apply to objection filed by any insurer to that same General Request. I will try to list the corresponding request number to which each ruling applies at the end of the ruling.

GENERAL REQUESTS

**Request No. 1**: MOTION DENIED - NOT QUASHED. I interpret defense Request No. 1, seeking production of the contents of policy files, to be coterminous with the Government's subpoena, Request No. 4, to the extent of the policies listed.

The defendants insist that some of the insurers have not responded fully to the Government Request 4. They must do so, and certify that they have done so, in the same manner as I required American General to do so.

The Government's subpoena calls for production of "all records concerning" the policies specified; that request cannot be limited to the contents of a single policy file, if as a matter of practice the insurer keeps various records relating to the policy in different places.

However, I do not expect the non-parties to search every record in the company – that would be patently unreasonable. If underwriting documents are kept in one file, premium payment history is kept in another file and customer communications are kept in a third file, those files should be searched. Emails relevant to the particular policy can be searched using key terms, including the policy number and the insured's name. Properly done, this should not be a burdensome search, and the court does not intend for it to be a burdensome search.

This ruling also applies to the following General Requests to which objection has been made:[2]

AXA Subpoena, Request No. 1
Lincoln National, Subpoena, Request No. 1
Security Mutual, Subpoena, Request No. 1

**Requests No. 2, 3 and 4**: MOTION GRANTED IN PART AND DENIED IN PART AS MODIFIED, NOT QUASHED.  Insurers are to produce documents sufficient to identify (1) investigations of the Relevant Life Insurance Policies for fraud in the application for insurance, (2) "internal investigations or audits for fraud in the application process," and (3) the relevant portion of any…internal watch list or other listing identifying brokers the Company suspected might be involved in the sale of life insurance policies to investors if such list includes Binday, Kergil, Krupit, Weinstein, Advocate Brokerage, R Binday Plans & Concepts, Potomac Group, BISYS and Crump. Documents to be produced for the period 2007-2012. The subpoenas as modified are narrowly tailored to seek relevant and admissible evidence, for the reasons stated in the Binday memo of law.

This ruling also applies to the following General Requests to which objection has been made:

AXA Subpoena, Request Nos. 2, 3, 4
John Hancock Subpoena, Request No. 1 only
Lincoln National Subpoena, Request Nos. 2, 3, 4
Phoenix Subpoena, Request No. 6, 8
Security Mutual Subpoena, Request Nos. 2, 3, 4
Sun Life Subpoena, Request No. 1 only

**Request No. 5**: MOTION DENIED - NOT QUASHED.  To the extent that Defendants have indicated a willingness to be bound by an insurer's proposed modification of this request

---

[2] Aviva, to cite one example, received a Request No. 1 but did not object to it, so this ruling does not apply to Aviva.

(AXA, *see* n. 29 on page 43 of Binday's Brief in Opposition), they remain bound by that concession, notwithstanding this ruling.

This ruling also applies to the following General Requests to which objection has been made:

> AXA Subpoena, Request No. 5
> Lincoln National Subpoena, Request No. 5

**Request No. 6**: MOTION DENIED – NOT QUASHED.

This ruling also applies to the following General Requests to which objection has been made:

> AXA Subpoena, Request No. 6
> Lincoln National Subpoena, Request No. 6

**Request No. 7**:  MOTION DENIED – NOT QUASHED.  Telephone recordings and transcripts of interviews generated during the underwriting process must be produced because they are responsive to General Request 4, which was never quashed.  The documents are relevant; the absence of any such documents would also be relevant. The requests are not burdensome, for the reasons state at page 18 of the Defendants' opposition to the motions to quash.  I agree with Judge Holwell's observation in *Rajaratnam* that *Nixon* does not require any greater specificity about these telephone interviews/transcripts than simply identifying the policy with which they were (or were not) undertaken.

This ruling also applies to the following General Requests to which objection has been made:

> Aviva Subpoena, Request No. 7
> AXA Subpoena, Request No. 7
> Prudential Subpoena, Request No. 7
> Sun Life Subpoena, Request No. 6

**Request No. 8**: MOTION GRANTED IN PART AND DENIED IN PART--

QUASHED, except to the extent or providing certain information about compensation paid to a

discrete set of specified individuals (including the dollar value of premiums generated by

particular individuals due to policies procured by the Defendants and/or their associated

individuals and entities; the percentage or proportion of the total premiums generated by that

individual due to policies procured by defendants and/or associated individuals and entities; and

the compensation paid to that individual for policies procured by the defendants and/or

associated individuals and entities).  The other information sought is not sufficiently shown to be

relevant.

This ruling also applies to the following General Requests to which objection has been

made:

> Aviva Subpoena, Request No. 8
> Lincoln Benefit Subpoena, Request No. 7
> Mass Mutual Subpoena, Request 7
> Prudential Subpoena, Request No. 8

**Request No. 9**: MOTION DENIED – NOT QUASHED.  The request seeks production

of emails sent to or received by named insurer employees containing any one of six search terms,

those being the names of the defendants, one associated entity and the two cooperating

witnesses.  The request seeks relevant information, and is tailored so that it is not unnecessarily

intrusive. Counsel for Defendants have expressed a willingness – indeed have made specific

offers – to reduce any burden from having to examine backup tapes, and the court will deem the

subpoenas modified to require only production of emails from the company's existing networks.

If review and production would require restoration, I specifically absolve the defendants of the

need to produce.  I urge counsel to work together to mitigate the burden of production on any

insurer. This is a targeted search for material that has to do with the upcoming trial.

7

This ruling also applies to the following General Requests to which objection has been made:

Aviva Subpoena, Request No. 9
AXA Subpoena, Request No. 8
John Hancock Subpoena, Request No. 6
Lincoln National Subpoena, Request No. 7
Phoenix Subpoena, Request No. 12
Security Mutual Subpoena, Request No. 9
Sun Life Subpoena, Request No. 7

**Request No. 10**: MOTION GRANTED IN PART AND DENIED IN PART – AS MODIFIED, NOT QUASHED.  COI calculation – Each insurer will respond yes or no to the following question: Are any of the following part of your COI formula with respect to the Relevant Life Insurance Policies: (1) the insured's assets, (2)whether the purchaser had a present intent to resell the policy, (3) whether the premium would be paid with the purchaser's own funds or with borrowed or other funds (source of funds), (4) the purpose for purchasing the insurance, and (5) whether the purchaser had any other pending applications or effective policies for life insurance at the time of purchase?  Answer separately for each of the five items listed. This is relevant information; it is readily obtainable, and there is no burden attached to producing it, because it is part of the information that every insurer must file with the New York State Department of Financial Services (formerly the New York State Insurance Department). The question here is whether the subject of the alleged misrepresentation was material to the victim insurers; an answer to that question does not need to disclose any other information about COI. To the extent that it does seek such information, the subpoena seeks irrelevant information, and the subpoenas are QUASHED.

No one should read into this ruling any intimation that the failure to include such items in an insurer's COI renders that particular representation immaterial (an issue that is for the jury to

decide and the insurers may have reasons aside from COI why something is material). However,

there is at least an argument that, if something does not figure into the COI calculus, it is really

not material.

This ruling also applies to the following General Requests to which objection has been

made:

> Aviva Subpoena, Request No. 10
> AXA Subpoena, Request No. 9
> John Hancock Subpoena, Request No. 7
> Lincoln Benefit Subpoena, Request No. 9
> Lincoln National Subpoena, Request Nos. 8
> Mass Mutual Subpoena, Request No. 9
> Phoenix Subpoena, Request No. 13
> Prudential Subpoena, Request No. 10
> Security Mutual Subpoena, Request No. 10
> Sun Life Subpoena, Request No. 8

**Request No. 11**: MOTION GRANTED - QUASHED. The information responsive to

Request No. 10 suffices to respond to this inquiry. The insurers have no need to produce the

actual materials they filed with the Department of Financial Services in order to give defendants

the extremely limited information they require.

This ruling also applies to the following General Requests to which objection has been

made:

> Aviva Subpoena, Request No. 11
> AXA Subpoena, Request No. 10
> John Hancock Subpoena, Request No. 8
> Lincoln Benefit Subpoena, Request No. 10
> Lincoln National Subpoena, Request No. 9
> Mass Mutual Subpoena, Request No. 10
> Phoenix Subpoena, Request No. 14
> Prudential Subpoena, Request No. 11
> Security Mutual Subpoena, Request No. 11
> Sun Life Subpoena, Request No. 9

## COMPANY SPECIFIC INQUIRIES

The remaining inquiries in any subpoena are particular to that insurer (Company-specific Requests).  Certain insurers have moved with respect to certain of those Company-Specific Requests; for the most part, I gather, the insurers are producing the responsive documents, which is understandable; many of these requests for production are, in fact, carefully tailored to obtain quite particular documents.

But that does not mean all the documents that have been requested need to be produced.

Lincoln National objects[3] to a particular request seeking communications between one of its employees, Kenneth Elder, and state or federal government agencies in connection with any criminal prosecution or investigation. (Lincoln National Subpoena Request No. 19).  The objection is allowed and the request is QUASHED.  Frankly, I disagree with defendants that Mr. Elder's motives for becoming involved in any investigation other than this one are of any relevance here.  Furthermore, since every communication between Elder and the USAO must be turned over as 3500/*Giglio*, the subpoena to Lincoln National serves no purpose except to allow defendants to get a head start on preparing their cross examination. I have already set the schedule for 3500 production and I will not use Rule 17 to vary it.  This is pure impeachment material, and the Supreme Court, in *Nixon*, indicated that mere impeachment matter is not properly produced via subpoena before trial. *Nixon*, 418 U.S. at 701.

Lincoln National also objects to producing ""a written report by Deborah Zahorodni regarding the relationship between Lincoln Financial Advisors and Life Settlement Insights."

---

[3] I want to do commend Lincoln National for submitting an appropriate set of papers – one that objects separately to each objectionable Request, that identifies the Request by NUMBER, not by category of documents sought, and that particularizes objections to particular Requests. If everyone had done as Lincoln National did, it would have saved this court a whole lot of work. Defendants' response was particularly problematic in this regard.

(Request No. 14).  I have read Binday's brief carefully, and all he does is assert that this request is sufficiently specific; he does not explain why the document is relevant or address its admissibility. Frankly, the relevance of this document is entirely unclear, since I have no idea what the report is about. The fact that the request is sufficiently specific – and it is – does not answer questions about relevance or admissibility; and Lincoln represents to the court that this document relates to a line of business entirely different from the STOLI line that is the subject of this lawsuit. The subpoena is QUASHED to the extent of this request. Do not try to address this on "reconsideration;" I will not allow defendants another chance to make their case.  The failure to address adequately the objection waives any further argument and ends the matter, as far as I am concerned.

With respect to Lincoln National's partial objection to Request 10 ("all documents relating to the December 14, 2006 memorandum from Mike Burns and Bob Scheppegrell to Mark Konen"), the subpoena is QUASHED except to the extent of requiring Lincoln National to produce the memo itself, any drafts that can be located, a list of persons who were copied on the document (if any) and any response from Konen or any "cc" party to the document.

Lincoln National's objection to Request 11 ("all documents relating to the October 4, 2008 memorandum from Mike Burns to the Audit Committee") is granted, and the subpoena QUASHED, to the extent that it seeks information about topics other than STOLI policies that may have been addressed in the document.

John Hancock objects to responding to Company-Specific Requests 14, 18 and 20-23. To the extent that these objections relate to the use of the phrase "all emails" or "all documents," or appear to Hancock to go beyond the parameters of the cover letter sent to the court on July 1, 2013, the motion to quash them as not sufficiently specific is denied. Hancock has objected to

11

the subpoena as not complying with all the *Nixon* factors, however, and Binday does not explain in his response the relevance of these documents, other than to identify them as having been suggested by documents already produced in response to earlier subpoenas. Therefore, Requests No. 14, 18 and 20-23 of the John Hancock Subpoena are QUASHED. Once again, I will simply deny any motion for reconsideration that tries to lay out what is missing from Binday's response to the motions to quash, so don't bother making one. We are not going to litigate third party subpoenas a third time.

Aviva objects to providing documents generated in connection with "Month STOLI working group meetings." (Aviva Request No. 12). The objection is sustained and the request is QUASHED. This is a fishing expedition request; the fact that the request pertains only to a certain class of documents does not make it any the less so. Yes, this case involves STOLI policies, but not everything that Aviva said or did with respect to STOLI policies is pertinent to the issue here, which is whether certain representations made by Defendants and their agents to certain insurers (a group that apparently does not include Aviva) are accurate and, if not, material. Defendants will not be given another opportunity to narrow this request; it is simply quashed.

No other company-specific requests are addressed in Binday's "Brief in Opposition," so Defendants have waived any opposition to any other Company-Specific Requests, and those requests (to the extent they were made) are granted and the subpoenas are QUASHED.

All responsive documents shall be produced immediately, and on a rolling basis; all productions shall be complete no later than August 23, 2013.

12

This constitutes the decision and order of the court.

Dated: August 15, 2013

_____
U.S.D.J.


BY ECF TO ALL COUNSEL