# No. 21-1206

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**MICHAEL BINDAY,**

*Movant,*

versus

**UNITED STATES OF AMERICA,**

*Respondent.*

**MOTION FOR ORDER PURSUANT TO 28 U.S.C. § 2255(h)**

THE NORTON LAW FIRM
David W. Shapiro, Esq.
*Attorney for Movant Michael Binday*
dshapiro@nortonlaw.com
299 Third Street, Suite 106
Oakland, California 94607
(510) 906-4906

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Michael Binday moves for an order that his currently pending district court motion pursuant to 28 U.S.C. §§ 2255 and 2241 is not "second or successive" within the meaning of Section 2255(h), or, in the alternative, for authorization to file a 2255/2241 motion based on *Kelly v. United States*, 140 S. Ct. 1565 (2020).

Binday filed his 2255 motion in district court on March 12, 2021 and a bail motion on April 9, 2021, both within one-year from the decision in *Kelly*. *Binday v. United States,* SDNY No. 12 Cr. 152 (CM), Docs. 479 and 484. (The bail motion supplements the 2255 motion and is attached as Exhibit 1 to this motion.) *See Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) ("In accordance with § 1631, the petition for habeas corpus or § 2255 motion will be deemed filed, for purposes of the one-year limitation periods established by §§ 2244(d) and 2255, on the date of its initial filing in the district court.").

Binday's pending district court motion includes a motion pursuant to 28 U.S.C. § 2241, in the event the court rules the 2255 motion is barred by section 2255(h), because section 2255(e) authorizes a 2241 motion when section 2255 is ineffective for relief.

Binday should be able to pursue his claim that *Kelly* effectively held that Binday's conduct was not fraud under federal law, regardless of whether the Second Circuit agrees with him at this point: if, in the future, this Court or the Supreme Court rules that Binday's conduct was not criminal after *Kelly*, then a court might rule that Binday was required to seek relief within one year of *Kelly*.

Binday has preserved his contentions. At each step of the litigation against him, Binday challenged the government's and this Court's construction and application of the fraud statutes to the facts of his case. His trial lawyer challenged the right to control theory as contrary to *Skilling*.

2

On direct appeal, his appellate lawyer pointed out that the Circuit's construction of the fraud statutes conflicted with that of the Ninth Circuit. In his petition for rehearing en banc on direct appeal, Binday asked the Circuit to revisit its prior holdings. He then unsuccessfully sought Supreme Court review.

In his first filed 2255 motion, challenging his attorney's effectiveness in defending a right to control case, Binday expressly noted that he would raise his challenge to the theory when the Supreme Court weighed in on the Second Circuit's statutory construction. It has now done so in *Kelly*. (Binday's first filed 2255 motion, the government's opposition, Binday's reply, and the district court's order are attached as <u>Exhibits 2 through 5</u>.)

Binday also filed amicus briefs in two cases that sought certiorari on the right to control issue: *Kelly v. United States*, No. 18-1059, and *Aldissi v. United States,* No. 19-5805. (Attached to Binday's 2255 motion) The Supreme Court granted certiorari in *Kelly* and unanimously reversed the Third Circuit's opinion, which had ruled that interference with a person's right to control his property (that is, deceiving the victim) was sufficient to prove the property element of the fraud statutes.

On April 26, 2021, Binday filed a letter with the district court asking it to rule on his pending motions, including whether it believes the pending 2255 motion is "second or successive." That same day, the district court endorsed the following order on Binday's letter: "ENDORSEMENT... Mr Binday must go to the Second Circuit, as the government asserts (Signed by Judge Colleen McMahon on 4/26/21) (jw)." Doc. 487. On May 4, 2021, Binday asked the district court to transfer the petition to this Court pursuant to Second Circuit Local Rule 22.2. Doc. 488.

* * *

3

Binday makes three arguments in this motion: (1) Binday's pending district court section 2255/2241 motion is not a "second or successive" motion within the meaning of section 2255(h); or (2) Binday should be authorized to proceed with his pending district court motion based on his contention that *Kelly*'s construction of the federal fraud statutes rejected this Circuit's construction, is retroactive in its application, and Binday preserved his argument by raising it at every step of his litigation; or (3) Binday may raise a claim under 28 U.S.C. § 2241 if section 2255's "second or successive" procedural bar has made it impossible to grant Binday relief.

## RELEVANT PROCEDURAL HISTORY

On July 31, 2014, Michael Binday was convicted of mail and wire fraud after trial. On November 10, 2015, after his conviction was affirmed on appeal, he moved for rehearing en banc challenging this Court's right to control theory of property as contrary to Supreme Court precedent and in conflict with the law of other circuits. *United States v. Binday*, Case No. 14-2809, Dkt. 181. The Second Circuit denied his rehearing petition on December 14, 2015, Dkt. 189.

Binday then petitioned the Supreme Court for certiorari because the government's theory of property was inconsistent with Supreme Court precedent in *Skilling v. United States*, 130 S. Ct. 2896 (2010), and *Cleveland v. United States*, 531 U.S. 12 (2000). On June 20, 2016, the Supreme Court denied the petition. *Binday v. United States*, 136 S. Ct. 2487 (Mem.) (2016).

On June 22, 2017, Binday filed a motion to vacate his conviction based on his claim that his attorney provided ineffective assistance because counsel misapprehended the government's right to control theory of property. Binday stated in that petition that he "expressly does not waive his right to re-assert his objection to the right to control theory in a future proper forum –

4

particularly as a claim of actual innocence in a petition for writ of habeas corpus." *Binday v. United States*, SDNY No. 12 Cr. 152 (CM), Doc. 446 at 6.

On May 23, 2018, the district court denied the 2255 motion and a certificate of appealability. *Id*. Doc. 448. Binday sought a certificate of appealability from this Court, which was denied. He then moved for rehearing, *Binday v. United States*, No. 18-2143 Dkt. 76, and, after that was denied, he filed a petition for certiorari. That petition was denied on February 24, 2020. *Id*. Dkt. 84.

## ARGUMENT

## POINT ONE

## BINDAY'S PENDING 2255/2241 MOTION IS NOT SECOND OR SUCCESSIVE

<u>The *Kelly* Decision in the Supreme Court and its Aftermath</u>

After the events discussed above, on May 7, 2020, the Supreme Court in *Kelly* reversed the Third Circuit's decision affirming fraud convictions based, in part, on the right to control theory of property. The Court ruled that the government must prove the defendant's object was to obtain property, in contrast to the Second Circuit's construction that "the mail and wire fraud statutes do not require a defendant to obtain or seek to obtain property," *United States v. Finazzo*, 850 F.3d 94, 107 (2d Cir. 2017). It held that a person does not violate the mail/wire fraud statutes when his objective is to pursue his own selfish goals, rather than to obtain money or property from the victim, even when he knows the victim might suffer economic harm because of his actions. 140 S. Ct. at 1572-74.

Second, the Court held that the fraud statutes *only* prohibit schemes by which a defendant seeks to obtain money or property from the victim, not schemes that deprive victims of information. *See Kelly*, 140 S. Ct. at 1568 (a defendant violates § 1343 "only if an object of [his]

5

dishonesty was to obtain the [victim's] money or property"); 1572 ("fraudulent schemes violate [§ 1343] only when, again, they are 'for obtaining money or property'"); 1574 (the "property fraud statutes … bar only schemes for obtaining property").

Third, *Kelly* held that an entity's right to control its decision making, or whether and how to "use" its property, is not the kind of property interest the fraud statutes were meant to protect. *Id*. at 1572-73. The Court explained the right to "control" access to a bridge was not "property." Defendants may not be convicted of fraud for having "exercised" for themselves a property owner's "regulatory rights of allocation, exclusion, and control." *Id*.

Finally, the Court stressed that the Third Circuit's construction of the statutes violated principles of federalism: prosecutors may not use the federal fraud statutes to police the prosecutors' "view of integrity." *Id*. at 1574.

Binday's conviction was based on the theories that the Supreme Court rejected in *Kelly*.

After *Kelly* was decided, in another prosecution that relied on the right to control theory of property, the Supreme Court vacated the judgment in *United States v. Blaszczak*, 947 F.3d 19, 32-33 (2d Cir. 2019*), cert. granted, judgment vacated sub nom. Olan v. United States*, 141 S. Ct. 1040 (2021), at the government's request and in light of *Kelly*. On remand to the Second Circuit, and on April 2, 2021, the government confessed error, conceding that the "predecisional confidential information" of a government agency (the CMS) was not property, contrary to the Second Circuit's conclusion that it was. The government conceded that economic harm caused to a victim is not property unless the defendants sought to obtain money or property from the victim through material and knowing false statements. The government asked the Second Circuit to reverse the defendants' fraud convictions.

6

The Second Circuit has not yet ruled on the government's motion. On April 26, 2021, it appointed a private attorney to file an amicus brief supporting the Circuit court's decision in *Blaszczak*.

The Meaning of Second or Successive

The Antiterrorism and Effective Death Penalty Act (AEDPA) limited a person's ability to file successive habeas petitions to those that raise either (1) newly discovered evidence, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). The limitation was meant to prevent abuse of the writ of habeas corpus, *see Felker v. Turpin*, 518 U.S. 651, 664 (1996), by barring successive motions raising habeas claims that could have been raised in earlier motions where there was no legitimate excuse for failure to do so. *See McCleskey v. Zant*, 499 U.S. 467, 493-95 (1991).

Not every subsequent petition is considered "second or successive," however. "[A] subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002). The phrase "second or successive" is not self-defining and does not refer to all habeas applications filed second or successively in time. *Panetti v. Quarterman*, 551 U.S. 930, 943-44 (2007). Rather, it is a term of art that takes its full meaning from the Supreme Court's case law, including decisions predating the enactment of AEDPA. *Id*. at 2853.

When a defendant's legal claim is raised by habeas and is denied, and a subsequent Supreme Court case vindicates his claim, then he may revive his argument by way of a 2255 motion. "[E]ven though the legal issue raised in a § 2255 motion 'was determined against (the applicant) on the merits on a prior application,' 'the applicant may (nevertheless) be entitled to a

new hearing upon showing an intervening change in the law . . ..'" *Davis v. United States*, 417 U.S. 333, 342 (1974) (quoting *Sanders v. United States*, 373 U.S. 1, 17 (1963)). *See United States v. Becker*, 502 F.3d 122, 128 (2d Cir. 2007) (*Davis* held that "law of the case did not preclude a petitioner from seeking § 2255 relief based on a change in the law that occurred after his conviction was affirmed on direct appeal").

Similarly, when there are changes in a defendant's factual circumstances that give rise to a cognizable claim, then a defendant may raise them without running afoul of the second or successive limit. In *Panetti*, the Supreme Court concluded that the petitioner's subsequent petition was not second or successive because the claim did not ripen until after his first habeas petition was adjudicated on the merits. 551 U.S. at 942-45. The Court rejected the state's argument that a prisoner contemplating a future claim must preserve that same claim by filing it in his first habeas petition. *Id*. at 943, 946. It explained that if such an interpretation of "second or successive" were correct, "'the implications for habeas practice would be far reaching and seemingly perverse.'" *Id*. at 943 (quoting *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644 (1998)).

The decision in *Panetti* has been applied broadly. *See Stewart v. United States*, 646 F.3d 856, 852 (11th Cir. 2011) ("[W]hen a claim could not have been raised in a prior habeas petition, courts have interpreted *Panetti* to permit that claim to be raised in a subsequent petition." (citing *United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011) (per curiam) ("Prisoners may file second-in-time petitions based on events that do not occur until a first petition is concluded."); *Johnson v. Wynder*, 408 Fed. Appx. 616, 619 (3d Cir. 2010) ("We see no reason to avoid applying *Panetti* in the context of other types of claims that ripen only after an initial federal habeas petition has been filed."); *United States v. Lopez*, 577 F.3d 1053, 1064 (9th Cir. 2009)

("The considerations the [Supreme] Court identified in support of its holding are not specifically limited to *Ford* claims, and therefore must be considered in deciding whether other types of claims that do not survive a literal reading of AEDPA's gatekeeping requirements may nonetheless be addressed on the merits.").

Binday's Pending District Court Motion is Not Second or Successive

In his pending district court motion, Binday contends that his conviction is invalid in light of the Supreme Court's ruling in *Kelly*. Binday could not have raised a claim based on *Kelly* before *Kelly* was decided. His current petition therefore cannot be deemed second or successive.

Moreover, Binday preserved his argument. He consistently challenged the government theory of property and the Second Circuit's construction of the fraud statutes as too broad: he contended that his object was to buy insurance for disfavored insureds at full price; he did not seek to obtain property as the mirror image of his false statements; interference with a seller's right to control his property is not "property"; and the commissions he earned on the insurance sales were also not property, since the mirror image of his false statements was the fully paid for insurance and not commissions that are inevitably paid to brokers. His arguments were rejected. He then sought relief because his trial lawyer misstated the law in his arguments to the jury, and Binday preserved his argument for the decision that he expected would come someday.

*Kelly* upended the Second Circuit's construction of federal fraud law, and it has redirected lower courts' application of the fraud statutes from deprivations of intangible property rights to defendants' efforts to obtain traditionally defined property. The government has confessed error in *Blaszczak*, which upheld fraud convictions where the government argued the

9

defendants deprived putative victims of their right to control property. Binday's pending district court 2255/2241 motion is thus not "second or successive."

## POINT TWO

## BINDAY SHOULD BE AUTHORIZED TO FILE SECOND/SUCCESSIVE PETITION

In the event this Court concludes that the currently pending motion is second or successive, then Binday requests authorization to pursue its merits: the Supreme Court in *Kelly* construed the language of the fraud statutes contrary to (and as far more limited than) that did the Second Circuit. Under *Kelly*'s reasoning, Binday did not commit a crime because his object was not to obtain money or property, and the property interest alleged – the "right to control" – is not property within the meaning of the statute. He is, therefore, actually innocent of the crime with which he was charged.

Section 2255(h)(2) provides that a prisoner may raise file a second motion for relief when a panel of this Court certifies that it contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See McCleskey*, 499 U.S. at 520 n.8 (1991) (quoting Advisory Committee's Note to Habeas Corpus Rule 9, 28 U.S.C., p. 427 ("A retroactive change in the law and newly discovered evidence are examples" of "instances in which petitioner's failure to assert a ground in a prior petition is excusable")).

Binday's pending motion argues that *Kelly* construed the federal fraud statutes in a way that conflicts with, and overrules, this Circuit's construction of the law in exactly the way that Binday has all along contended. While the Circuit has not acknowledged that conflict, the government has, at least partly, in its confession of error in *Blaszczak*. In any event, Binday

should be given the opportunity to make his argument post-*Kelly* that his conviction was based on an unconstitutional construction of the fraud statutes.

The Supreme Court's construction in *Kelly* is retroactive as a matter of law.

> New *substantive* rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms, see *Bousley v. United States,* 523 U.S. 614, 620-621 … (1998), as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish, see *Saffle v. Parks,* 494 U.S. 484, 494-495 … (1990); *Teague v. Lane,* 489 U.S. 288, 311 … (1989) (plurality opinion). Such rules apply retroactively because they "necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal'" or faces a punishment that the law cannot impose upon him. *Bousley, supra,* at 620 (quoting *Davis v. United States,* 417 U.S. 333, 346 … (1974)).

*Schriro v. Summerlin*, 542 U.S. 348, 351–52 (2004). "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Id*. at 353. "This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Id*. at 351. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (reaffirming *Schriro*); *United States v. Botti*, 711 F.3d 299, 311 (2d Cir. 2013) ("This Court has reversed in cases tried before *Skilling* and decided on appeal after *Skilling* where the Government argued a non-bribery or -kickback scheme theory of honest services mail fraud, or where the Government intertwined an alternative theory with a bribery or kickback scheme theory.") (citations omitted)*; United States v. Post*, 950 F. Supp. 2d 519, 532 (S.D.N.Y. 2013) ("the jury instructions here did not limit honest services fraud to schemes involving bribes or kickbacks, the instructions were erroneous and the error is plain"); *Colino v. United States*, No. SACR 04-0284 DOC, 2012 WL 1198446, at *8 (C.D. Cal. Apr. 9, 2012) ("Petitioner properly objected to the jury instructions at trial and on direct appeal, and because she now brings the same claim in her collateral attack, Petitioner has not defaulted her claim that the jury

instructions here allowed her to be convicted for conduct that 18 U.S.C. § 1346 does not criminalize. No procedural default has occurred, and her collateral attack may continue."); *Stayton v. United States,* 766 F.Supp.2d 1260, 1265 (M.D.Ala.2011) (even in cases of procedural default, the *Skilling* decision provides the "cause" excusing that default under *Frady* because *Skilling* was such a clear break with prior law).

Thus, if this Court decides Binday's pending 2255/2241 motion is a second or successive motion, then it should authorize Binday to pursue his arguments. Denial of that opportunity would deprive Binday of a hearing on whether the Supreme Court agrees with the arguments that he has made since his trial.

## POINT THREE

**BINDAY PRESERVED HIS ARGUMENT ABOUT THE REACH OF THE FRAUD STATUTES FROM TRIAL THROUGH HIS CURRENT MOTION**

Binday's pending motion pursuant to section 2241 is a proper alternative to a 2255 motion. A person who has argued at every step of the litigation that the construction of the criminal statute with which he is charged was unconstitutional may raise that claim again when the Supreme Court rejects circuit law. "[S]erious constitutional questions would arise if a person who can prove his actual innocence on the existing record – and who could not have effectively raised his claim of innocence at an earlier time – had no access to judicial review." *Triestman v. United States*, 124 F.3d 361, 363 (2d Cir. 1997). *Accord*, *Rivas v. Fischer*, 687 F.3d 514, 552 (2d Cir. 2012) (reaffirming *Triestman*'s constitutional concern about depriving innocent people of judicial review). *See Boumediene v. Bush*, 553 U.S. 723, 776, 779 (2008) (§ 2255 did not "eliminate[] traditional habeas corpus relief. … [It has] a saving clause, providing that a writ of habeas corpus would be available if the alternative process proved inadequate or ineffective";

"the privilege of habeas corpus entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law").

In *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003), the court held that a petition pursuant to 28 U.S.C § 2241 is permissible whenever "the petitioner cannot, for whatever reason, utilize § 2255, and in which the failure to allow for collateral review would raise serious constitutional questions." That category of cases includes "cases involving prisoners who (1) can prove 'actual innocence on the existing record, and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time'" (quoting *Triestman*, 124 F.3d at 363).

Binday satisfies the actual innocence test: the jury was instructed that it could convict on a theory the Second Circuit approved but that the Supreme Court has now rejected. Just as in the post-*McNally* and post-*Skilling* cases, Binday is actually innocent.

An "intervening change in the governing interpretation of the statute of conviction" satisfies the second prong of the *Cephas* test. *Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019). *See In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) ("2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.") (cited with approval by *Cephas*, 328 F.3d at 104 n. 6).

Here, Binday raised his argument about the right to control as violative of *Skilling* in his pretrial motion to dismiss. He pointed to the circuit conflict over the theory on direct appeal, asked for en banc review of that theory, filed a petition for certiorari, raised his objection to the

13

theory in his ineffective assistance of counsel claim, sought certiorari from the denial of that Sixth Amendment claim, and filed amicus briefs in both *Kelly* and *Aldissi* explaining the defects in the theory. In short, Binday never missed an opportunity to challenge the basis for his conviction. The Supreme Court agreed with him in May 2020.

**CONCLUSION**

Michael Binday respectfully requests that the Court issue an order that his currently pending 2255/2241 motion in the district court is not a second or successive petition. In the alternative, he requests that the Court authorize him to pursue the arguments raised in that motion.

Dated: May 6, 2021

Respectfully Submitted,



_____
David W. Shapiro, NY Bar #2054054
The Norton Law Firm